STATE of Maine

v.

**Donald L. HAYFORD, Jr.**

Supreme Judicial Court of Maine.

April 2, 1980.

---

David W. Crook, Dist. Atty., Michael D. Seitzinger, orally, Asst. Atty. Gen., Augusta, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Malcolm L. Lyons orally, Augusta, for defendant.

Before WERNICK, GODFREY and GLASSMAN, JJ., and DUFRESNE and DELAHANTY, A. R. JJ.

GLASSMAN, Justice.

On August 30, 1978, the Gardiner police conducted a search of the defendant Donald L. Hayford, Jr.'s residence beginning at 8:50 p. m. The search was conducted pursuant to a search warrant that had been issued by a complaint justice on the same day. A large plastic bag containing what was later certified by a chemist to be 200 grams of cannabis and another bag containing 64 yellow capsules later certified to contain phentermine were seized. The defendant was charged in two separate indictments with unlawfully furnishing Schedule Z drugs (Class D, 17–A M.R.S.A. § 1106) and with unlawful possession of Schedule Y drugs (Class E, 17–A M.R.S.A. § 1107(2)(C)).

A motion to suppress was timely filed, challenging the validity of the search warrant. A Superior Court Justice granted the motion on January 22, 1979, ruling that the execution of the search in the nighttime was unlawful because not specifically authorized in the warrant as required by M.R. Crim.P. 41(c).[1] On January 29, 1979, the State filed a "Motion To Reconsider Order Granting Defendant's Motion To Suppress," citing in support of this motion M.R.Crim.P.

---

1. M.R.Crim.P. 41(c) prescribes the form of the search warrant as follows:

If the judge or complaint justice is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the person or property to be searched for and naming or describing the person or place to be searched. The warrant shall be directed to any officer authorized to enforce or assist in enforcing any law of the state of Maine. It shall state the names of the persons whose affidavits have been taken in support thereof. It shall command the officer to search the person or place named for the person or property specified. The warrant shall direct that it be served between the hours of 7 a. m. and 7 p. m., unless the judge or complaint justice, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at another time. It shall designate the court to which it shall be returned.

57(a).[2] The State alleged that critical arguments had not been presented to the presiding Justice at the time of the suppression hearing and that the presiding Justice, without the benefit of these arguments, had erred in his construction of the search warrant form and had committed error in suppressing the evidence. After entertaining oral argument, the presiding Justice, by order dated March 6, 1979, granted the State's motion to reconsider, vacated the order granting the defendant's motion to suppress and denied the defendant's motion to suppress. Citing Rule 57(a) as a reaffirmation of "the principle of the inherent power of the Court which clothes the Superior Court with all powers necessary to exercise its jurisdiction and to perform its duties . . .," the presiding Justice ruled that the nighttime search had been authorized and was proper because reasonable cause for the search was shown in the supporting affidavit.

The case was submitted to the presiding Justice on stipulated facts. After hearing, the defendant was found guilty of both offenses and was sentenced to imprisonment in the county jail for six months on the Class E offense and for eleven months on the Class D offense.[3] From the judgments of conviction the defendant appeals,

contending (1) that the search warrant did not authorize a nighttime search and (2) that the presiding Justice erred in granting the State's motion to reconsider.[4]

We affirm the judgments of conviction.

### I. The Search Warrant

 The defendant urges that in order to authorize a nighttime search the complaint justice was required by Rule 41(c) to affirmatively authorize the execution of the warrant at some time *other* than between the hours of 7 a. m. and 7 p. m. and he failed to do so. We reject this claim as without merit. The warrant under consideration is a standard form that contains two paragraphs relative to the time for its execution.[5] The first paragraph commands that the search be made "in the daytime." It also orders that an inventory be prepared and designates the court to which return shall be made. The second paragraph, which is preceded by an asterisk, authorizes a nighttime search. An instruction on the warrant form unambiguously states that sections preceded by an asterisk are to be deleted if inapplicable. The defendant urges that the two paragraphs are mutually exclusive and that the complaint justice should have either deleted paragraph one in its entirety or deleted the words "in the

---

**2.** M.R.Crim.P. 57(a) provides:

When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Maine, these rules, or any applicable statutes.

**3.** The two separate appeals from the two separate judgments have not been formally consolidated. Since they have been treated as if they had been consolidated, we will continue to so treat them.

**4.** The defendant also contended in his brief to the Law Court that the affidavit was not sufficient to support the issuance of the search warrant. At oral argument the defendant abandoned this claim. An examination of the affidavit reveals that it is both accurate and thorough, well warranting the legal conclusion that there existed probable cause to believe marijuana would be found on the defendant's premises. The Gardiner police are to be commended for their adherence to the letter and the spirit of the fourth amendment and M.R. Crim.P. 41.

**5.** The search warrant issued on August 30, 1978 authorized a search of the premises occupied by Donald L. Hayford and provided:

You are hereby commanded to search the place named for the property specified, serving this warrant and making the search in the daytime and if the ~~person~~/property be found there to seize it, prepare a written inventory of the person seized/property seized, and bring the person/property and the person in whose possession or custody the same was found before a District Judge, to wit Honorable _____.

* Being satisfied that the complainant is positive that the person/property is in the place to be searched and that it is necessary to prevent the removal of said person/property you are hereby authorized to search the place named in the nighttime.

At the bottom of the form is an asterisk followed by the instruction, "Delete Sections not applicable."

daytime" from that paragraph. This is not, however, what the instructions require. Furthermore, necessary directions are contained in the first paragraph that are not contained in the second.

The Gardiner police requested in their affidavit that a warrant be issued for a search in the nighttime and accompanied this request with a showing of reasonable cause. The second paragraph of the warrant issued in response was not deleted, meaning that it was applicable. We find that the warrant fully complied with the requirements of Rule 41(c) and did in fact authorize a nighttime search "by appropriate provision."

## II. The Motion To Reconsider

We also reject the defendant's argument that the Superior Court Justice committed reversible error by granting the State's motion to reconsider. Authority for this procedure is found in M.R.Crim.P. 57(a), which permits the court to proceed "in any lawful manner not inconsistent with the Constitution of the State of Maine, these rules, or any applicable statutes" if no procedure is specifically prescribed.

 As a general rule, whether such a pre-trial motion shall be granted rests within the sound discretion of the Justice who issued the original order. *See State v. Shanahan*, Me., 404 A.2d 975 (1979);[6] *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). In the case at bar, that discretion was appropriately exercised. The Superior Court had continuing jurisdiction of the defendant's case. The original order granting the motion to suppress was not a final judgment. In light of the State's right of appeal from the order granting defendant's motion to suppress, 15 M.R.S.A.

§ 2115–A, the interests of judicial economy are well served where, as here, the presiding Justice determined that his original order was erroneous.[7]

The entry is:

Appeal denied.

Judgments affirmed.

McKUSICK, C. J., and NICHOLS, J., did not sit.

DUFRESNE and DELAHANTY, A. R. JJ., sat by assignment.

---

6. In *State v. Shanahan, supra*, we held that the defendant lost his right to a judicial determination of his claims of *Miranda* violations by deliberately bypassing sound procedural requirements. We stressed that

[a] defendant's right to a judicial hearing of claims that his constitutional rights have been violated does not include a right to have the determination made by a Justice of defendant's own choosing, or preference. *Id.* at 980.

7. This opinion should not be construed as requiring a Superior Court Justice to hold a hearing whenever a motion for reconsideration is filed. Reconsideration is an extraordinary procedure. In the exercise of sound judicial discretion a Justice may, and in most cases should, summarily deny the motion without hearing.