STATE OF MAINE
CUMBERLAND, ss.

REC'D CUMCD
SEP 12 '16 PM3:12

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CR-16-30110

STATE OF MAINE   )
         )
v.        )  ORDER ON STATE'S MOTION FOR
         )  RECONSIDERATION and MOTION
BENJAMIIN LOWRY  )  FOR FINDINGS OF FACT AND
         )  CONCLUSIONS OF LAW
   Defendant  )

By Order dated August 18, 2016, the Court granted Defendant's motion to suppress, reasoning: "Although the nature of a field sobriety test is to distract the subject's attention, Officer Jones was not trained to perform field sobriety tests on subjects whose attention is further divided by exploding fireballs in the sky followed by clapping and cheering. As such, the Court finds Officer Jones did not have sufficient probable cause to believe Defendant had committed the crime of operating under the influence."

Believing the Court's ruling to be in error, on August 24, 2016 the State filed a Motion for Reconsideration and a Motion for Further Findings and Conclusions of Law, to which Defendant responded by opposition filed September 9, 2016.

The State's Motion for Further Findings and Conclusions of Law is denied. The Court's Suppression Order sets forth sufficient factual findings and legal conclusions pursuant to M.R.U. Crim. P. 41A(d).

With respect to the State's Motion for Reconsideration, while the Rules of Uniform Criminal Procedure do not expressly provide for such a motion, the Court has discretion to reconsider its suppression ruling. *See* M.R.U. Crim. P. 1(c); *State v. Hayford*, 412 A.2d 987, 990 (Me. 1980) (noting that "the interests of judicial economy are well served" where judge who granted motion to suppress "determined that his original order was erroneous.").

Having considered the State's argument in light of Maine law, the Court finds that its August 18th Suppression Order focused solely on the circumstances surrounding Officer Jones's administration of field sobriety tests without taking into account the indicia of intoxication observed by Officer Jones independent of any field testing. According to Officer Jones's testimony, which the Court finds credible, Defendant was observed speeding in a 25 mph zone.

Upon stopping Defendant's vehicle, Officer Jones testified that he detected a strong odor of intoxicants which persisted after Defendant exited the vehicle, indicating that the odor was emanating from Defendant's person rather than from the vehicle's interior. Defendant's speech was slurred and his eyes were glassy. When asked how much he had had to drink, Defendant first answered "none" before ultimately admitting that he had had one drink and rating himself as a "one, two or three" on a 10-point intoxication scale.

Considering these facts in light of the standard set forth in *State v. Webster*, 2000 ME 115, 754 A.2d 976 leads to the clear conclusion that "probable cause could be found without regard to [Defendant]'s performance on the field sobriety tests." *Id.* ¶ 9. As the Law Court reasoned in *Webster*:

> The probable cause standard for requiring a person to take a blood alcohol test has a very low threshold. A person is guilty of operating under the influence if his or her senses are "impaired however slightly" or "to any extent" by the alcohol that person has had to drink. For there to be probable cause to arrest someone for operating under the influence, therefore, an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink. A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving.
>
> In this case, the officer had observed a driving maneuver that suggested impaired judgment. The officer smelled a strong odor of alcohol on Webster's breath, and the officer had heard Webster make a facially incredible statement that the officer could have believed was intended to cover-up recent, more substantial consumption of alcoholic beverages. With those observations made, the officer may have been regarded as careless had he allowed Webster to go on his way without further inquiry to determine the state of his sobriety and the risk he may have posed to himself and others on the highway.
>
> Considering the probable cause threshold for administering a blood alcohol test, this combination of evidence was more than sufficient to establish probable cause. With this evidence, probable cause could be found without regard to Webster's performance on the field sobriety tests. While performance on field sobriety tests is relevant to determinations of both probable cause and ultimate guilt or innocence, such performance on the field sobriety tests does not control either issue. There is sufficient evidence to support the court's probable cause finding external to the field sobriety tests.

*Id.* ¶¶ 7-9. While Defendant is correct in noting that the Law Court's holding in *Webster* was directed to a determination of whether or not the suppression court's findings were clearly erroneous, *Webster* nonetheless supplies clear guidance to a trial court ruling on a suppression motion, particularly in a matter such as this one, which arises out of strikingly similar facts. The

2

Court accordingly finds that the analysis set forth in *Webster* applies equally here.

Accordingly, having reconsidered the evidence in light of the governing "probable cause threshold," the Court hereby GRANTS the State's Motion for Reconsideration and VACATES its August 18, 2016 Order granting Defendant's Motion to Suppress.

The Clerk is hereby directed to mail a date-stamped copy of this Order to each counsel of record and note the mailing on the Unified Criminal Docket pursuant to M.R.U. Crim. P. 41A(d).

DATED: *12 Sp 16*

_____

Jed J. French
Unified Criminal Court Judge

3

CRIMINAL DOCKET

CUMBERLAND, ss.

Docket No  CUMCD-CR-2016-30110

**DOCKET RECORD**

DOB: 11/05/1962

Attorney: PETER RODWAY               State's Attorney: STEPHANIE ANDERSON

        RODWAY & HORODYSKI PA

        120 EXCHANGE ST 6TH FLOOR

        PO BOX 444

        PORTLAND ME 04112-0444

        RETAINED 03/11/2016

Filing Document: CRIMINAL COMPLAINT        Major Case Type: MISDEMEANOR (CLASS D,E)

Filing Date: 04/07/2016

## Charge(s)

**1   OUI (ALCOHOL)**                      **02/20/2016 BRIDGTON**

**Seq 12942 29-A  2411(1-A)(A)**      **Class D**

  **JONES**               **/ BRI**

## Docket Events:

04/11/2016 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 04/07/2016

04/11/2016 Charge(s): 1

        HEARING -  ARRAIGNMENT SCHEDULE OTHER COURT ON 04/19/2016 at 01:00 p.m.

        BRIDC

04/12/2016 Party(s): BENJAMIN A LOWRY

        ATTORNEY -  RETAINED ENTERED ON 03/11/2016

        Attorney: PETER RODWAY

05/04/2016 Charge(s): 1

        HEARING -  ARRAIGNMENT WAIVED ON 04/19/2016

05/04/2016 Charge(s): 1

        HEARING -  DISPOSITIONAL CONFERENCE SCHEDULE OTHER COURT ON 06/30/2016 in Room No.  7

        PORSC

05/04/2016 Charge(s): 1

        HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 05/04/2016

05/04/2016 TRIAL -  JURY TRIAL SCHEDULE OTHER COURT ON 08/22/2016 at 08:30 a.m. in Room No.  11

        PORSC

05/04/2016 Charge(s): 1

        TRANSFER -  UCD CS FILE TRANS TO RESP CRT TRANSFERRED ON 05/04/2016

        PORSC

05/04/2016 Charge(s): 1

        PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 04/19/2016

05/06/2016 Charge(s): 1
            TRANSFER - UCD CS FILE TRANS TO RESP CRT RECVD BY COURT ON 05/06/2016

            PORSC
06/07/2016 Charge(s): 1
            MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/06/2016

            Attorney: PETER RODWAY
            MOTION TO CONTINUE 6-30 DISPO. ADA GORHAM DOES NOT OBJECT
06/07/2016 Charge(s): 1
            MOTION - MOTION TO CONTINUE GRANTED ON 06/07/2016
            PAUL A FRITZSCHE , JUSTICE
            COPY TO PARTIES/COUNSEL
06/07/2016 Charge(s): 1
            HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 06/07/2016
            PAUL A FRITZSCHE , JUSTICE
06/07/2016 Charge(s): 1
            HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/07/2016 at 01:00 p.m. in Room No.  7

06/23/2016 Charge(s): 1
            HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 06/23/2016

07/07/2016 Charge(s): 1
            HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/07/2016
            ROLAND A COLE , JUSTICE
            Attorney: PETER RODWAY
            DA: BRENDAN O'BRIEN
            CONF HELD, OFFER MADE. MOTION TO SUPPRESS FILED
07/07/2016 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 07/07/2016

            Attorney: PETER RODWAY
07/07/2016 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 07/07/2016

            Attorney: PETER RODWAY
07/08/2016 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/09/2016 at 01:00 p.m. in Room No.  1

            NOTICE  TO PARTIES/COUNSEL
07/08/2016 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 07/08/2016

07/25/2016 MOTION - MOTION TO CONTINUE FILED BY STATE ON 07/25/2016

            TO CONTINUE MOTION HEARING 8-9-16. DEFENSE OBJECTS.
07/26/2016 MOTION - MOTION TO CONTINUE GRANTED ON 07/25/2016
            ROLAND A COLE , JUSTICE
            COPY TO PARTIES/COUNSEL
07/26/2016 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 07/25/2016
            ROLAND A COLE , JUSTICE
07/26/2016 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/11/2016 at 01:00 p.m. in Room No.  1

            NOTICE  TO PARTIES/COUNSEL
07/26/2016 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 07/26/2016

08/11/2016 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 08/11/2016

JED FRENCH , JUDGE
Attorney: PETER RODWAY
DA: BRENDAN O'BRIEN
Defendant Present in Court

FTR 1. STATE'S WITNESS: BRIDGTON POLICE OFFICER PHILLIP JONES. AUDIO OF TRAFFIC STOP
PLAYED FOR THE COURT & ADMITTED BY THE DEFENSE.                    MOTION TAKEN UNDER
ADVISEMENT

08/12/2016 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 08/22/2016 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
08/12/2016 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 08/11/2016
JED FRENCH , JUDGE
08/12/2016 Charge(s): 1
TRIAL - JURY TRIAL CONTINUED ON 08/11/2016

08/12/2016 TRIAL - JURY TRIAL CONTINUED ON 08/11/2016

08/12/2016 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 09/26/2016 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
08/12/2016 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 08/12/2016

08/12/2016 CASE STATUS - CASE FILE LOCATION ON 08/11/2016
JED FRENCH , JUDGE
MOTION TO SUPPRESS TAKEN UNDER ADVISEMENT
08/18/2016 CASE STATUS - CASE FILE RETURNED ON 08/18/2016

08/18/2016 MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 08/18/2016
JED FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
08/18/2016 ORDER - COURT ORDER FILED ON 08/18/2016
JED FRENCH , JUDGE
ORDER ON DEFENDANT'S MOTION TO SUPPRESS
08/18/2016 ORDER - COURT ORDER ENTERED ON 08/18/2016
JED FRENCH , JUDGE
IN LIGHT OF THE PRECEDING, DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE OBTAINED BY THE
STATE SUBSEQUENT TO THE ADMINISTRATION OF THE FIELD SOBRIETY TESTS ON FEBRUARY 20, 2016 IS
GRANTED.
08/25/2016 MOTION - MOTION FOR FINDINGS OF FACT FILED BY STATE ON 08/24/2016

DA: BRENDAN O'BRIEN
09/09/2016 OTHER FILING - OTHER DOCUMENT FILED ON 09/09/2016

RESPONSE TO MOTION TO RECONSIDER SUPPRESSION ORDER.
09/13/2016 ORDER - COURT ORDER FILED ON 09/12/2016
JED FRENCH , JUDGE
ORDER ON STATE'S MOTION FOR RECONSIDERATION AND MOTION FOR FINDINGS OF FACT AND CONCLUSION
OF LAW.
09/13/2016 MOTION - MOTION FOR FINDINGS OF FACT GRANTED ON 09/12/2016

JED  FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
09/13/2016 MOTION -  MOTION TO SUPPRESS EVIDENCE VACATED ON 09/12/2016
JED  FRENCH , JUDGE

A TRUE COPY
ATTEST:  _____
                        Clerk

STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
Docket No. CR-16-30110

STATE OF MAINE           )
                         )
                         )
                         )
v.                       )          ORDER ON MOTION TO SUPPRESS
                         )
                         )
BENJAMIN LOWRY           )
                         )
        Defendant        )

This matter came before the Court for hearing on Defendant's motion to suppress on August 11, 2016. Defendant appeared with counsel, Peter E. Rodway, Esq.. The sole witness presented was the arresting officer, Phil Jones of the Bridgton Police Department. An audio and video recording was presented to the court in compact disc form. Due to time limitations, and with the consent of both counsel for the defendant and the State, the court reviewed the recording outside of the hearing. After consideration of the testimony and evidence presented and arguments of counsel, the motion is GRANTED for the reasons set forth below.

On the evening of February 20, 2016, Officer Jones, on foot, was directing traffic and assisting pedestrians in the Town of Bridgeton immediately prior to the Town's firework display, when he observed a motor vehicle driven by Defendant approaching at a rate of speed in excess of the posted limit. Defendant complied with Officer Jones's hand-signals to pull over. Based on the odor of intoxicants emanating from Defendant, Officer Jones asked Defendant to step out of his vehicle to perform field sobriety tests. Although initially denying that he had been drinking alcohol, Defendant admitted he had had a glass of wine earlier and placed himself between one and three on a ten-point sobriety scale. (D. Ex. 1, 0:00:45).

Officer Jones first conducted a Horizontal Gaze Nystagmus test (HGN). Just as the officer was explaining the process to Defendant, the flashes and loud explosions of fireworks can be seen and heard on the officer's dash cam recording. (D. Ex. 1, 0:01:30).

Officer Jones, apparently aware that the HGN results would be compromised by such distracting circumstances, interrupted the test remarking, "okay, we're gonna come back to that." (D. Ex. 1, 0:01:51).

Officer Jones next instructed Defendant to perform the one-legged stand test. While conducting the test, Officer Jones can be heard chiding Defendant to continue counting and looking at his elevated foot. Barely audible over the crescendo of explosions and the cheering of crowds, Defendant can be heard saying, "this is really distracting." (D. Ex. 1, 0:03:18).

Fireworks can still be seen and heard on the recording as Officer Jones instructed Defendant to recite the alphabet from the letters "E" through "T," and Defendant proceeded to recite through the letter "Z." (D. Ex. 0:04:00). Based on less than five minutes of interaction and the results of three field sobriety tests conducted while fireworks were going off, Officer Jones placed Defendant under arrest for operating a motor vehicle under the influence of alcohol.

An arrest is reasonable under the Fourth Amendment "if made pursuant to an investigative detention based on reasonable suspicion of criminal activity, or if made pursuant to an arrest based on the higher standard of probable cause that a crime has been committed." *State v. White*, 2013 ME 66, ¶ 12, 70 A.3d 1226. The State contends Defendant's performance on the field sobriety tests gave rise to probable cause to believe that Defendant had committed the crime of operating a motor vehicle under the influence of alcohol, rendering Officer Jones's arrest of Defendant permissible under the Fourth Amendment.

"[P]robable cause to believe a defendant was operating under the influence exists if there is reason to believe that his mental or physical faculties are impaired by the consumption of alcohol." *State v. Bradley*, 658 A.2d 236, 237 (Me. 1995). Under normal circumstances, Defendant's inability to complete the field sobriety tests would give rise to probable cause that the crime of operating under the influence had been committed. Under the factual circumstances of the present case, the Court finds Officer Jones's formulation of probable cause to make the arrest objectively unreasonable.

The reason police officers are trained to follow protocols in conducting field sobriety tests is to give rise to an objectively reasonable basis to determine whether or not a motorist is impaired. While we do not expect our public servants to conduct these tests with the precision of a laboratory experiment, an officer is nonetheless expected to

2

conduct them in a manner that reduces the number of independent variables affecting the motorist's performance. Although the nature of a field sobriety test is to divide the subject's attention, Officer Jones was not trained to perform field sobriety tests on subjects whose attention is further divided by exploding fireballs in the sky followed by clapping and cheering. As such, the Court finds Officer Jones did not have sufficient probable cause to believe Defendant had committed the crime of operating under the influence. Therefore, Officer Jones's arrest of Defendant was unreasonable under the Fourth Amendment.

In light of the preceding, Defendant's Motion to Suppress all evidence obtained by the State subsequent to the administration of the field sobriety tests on February 20, 2016 is **GRANTED.**

The Clerk is hereby directed to mail a date-stamped copy of this Order to each counsel of record and note the mailing on the Unified Criminal Docket pursuant to M.R.U. Crim. P. 41A(d).

Dated: August 18, 2016

_____
Jed J. French
Unified Criminal Court Judge

3